IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSICA MANFRE-LANE, | Case No. 3:20-cv-00247-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SOUTH TEXAS DENTAL ASSOCIATES L.P., also known as STX HEALTHCARE, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Jessica Manfre-Lane ("Manfre-Lane") filed this action against South Texas Dental Associates L.P. ("South Texas Dental"), also known as STX Healthcare, alleging a violation of the Americans with Disabilities Act ("ADA") in connection with her employment at South Texas Dental in Dallas, Texas. Although Manfre-Lane filed this action in the District of Oregon to meet a filing deadline, she acknowledges that the appropriate venue for this action is the United States District Court for the Northern District of Texas ("Northern District of Texas"), and therefore moves this Court to transfer venue to the Northern District of Texas. (Mot. at 1, ECF No. 3.)

PAGE 1 – OPINION AND ORDER

In her complaint, Manfre-Lane alleges that South Texas Dental, located in Dallas, Texas, terminated her employment in violation of the ADA after she was diagnosed with squamous cell sarcoma. (Compl. at 1.) In light of those allegations, the Court finds that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Texas. 28 U.S.C. § 1391(b)(2). Thus, the Northern District of Texas is a "district . . . where [this action] might have been brought" (28 U.S.C. § 1404(a)), and the Court finds that transferring the action to the Northern District of Texas will be more convenient for the parties and witnesses, and in the interest of justice. *Id.*

For the reasons stated, the Court GRANTS Manfre-Lane's Motion to Transfer Venue (ECF No. 3), and hereby TRANSFERS this action to the United States District Court for the Northern District of Texas.[1]

**IT IS SO ORDERED.**

DATED this 22nd day of September, 2020.

*Stacie F. Beckerman*
───────────────────────────
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] "'[B]ecause a motion to transfer venue [pursuant to 28 U.S.C. § 1404(a)] does not address the merits of the case . . . it is a non-dispositive matter that is within the province of a magistrate judge's authority' under 28 U.S.C. § 636(b)(1)(A)." *Fox v. U.S. Gov't*, No. 3:19-cv-00874-YY, 2019 WL 6493924, at *1 n.1 (D. Or. Dec. 3, 2019) (quoting *Corrinet v. Burke*, No. 6:11-cv-06416-TC, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012)).

PAGE 2 – OPINION AND ORDER