UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA MANFRE-LANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: 3:20-cv-2931-S-BH |
| v. | § | |
| | § | |
| SOUTH TEXAS DENTAL ASSOCIATES | § | TRIAL BY JURY DEMANDED |
| L.P. aka STX HEALTHCARE | § | |
| MANAGEMENT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF JESSICA MANFRE-LANE'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, Jessica Manfre-Lane, files this Opposed Motion Seeking Leave to File Second Amended Complaint (attached as Exhibit 1) and would show the Court as follows:

**FACTS**

1. Plaintiff filed her Original Complaint on February 23, 2020 as a *pro se* party. ECF 1.

2. Counsel representing Defendant requested an extension on its deadline to answer Plaintiff's lawsuit or otherwise file a dispositive motion on February 19, 2021. ECF 23.

3. The Court granted a 30-day extension in response. ECF 24.

4. Plaintiff subsequently retained counsel and filed her First Amended Complaint with consent from Defendant's counsel. ECF 26.

5. Defendant then requested another 16-day extension on its time to answer or otherwise file a dispositive motion. ECF 27. In this extension motion, Defendant affirms that it consented to Plaintiff's First Amended Complaint. ECF 27 at 1. As grounds for this extension, Defendant's counsel communicated that they were currently researching which entity was

1

Plaintiff's former employer, as the dental clinic where Plaintiff was employed had "changed hands" frequently. Exhibit A, Declaration of Matthew P. Swiger ¶4.[1]

6. The Court granted this second extension request. ECF 28.

7. Defendant requested a third 14-day extension on its time to answer or otherwise file a dispositive motion. ECF 29.

8. The Court granted this third extension request. ECF 30.

9. Defendant STX Healthcare Management, Inc. filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). ECF 31. In contrast to prior filings, counsel, which had indicated it previously represented "South Texas Dental Associates, LP aka STX Healthcare Management, Inc.," now affirmatively represented that they only represented STX Healthcare Management, Inc. *Compare* ECF 31 at 9 with ECF 23, 27 and 29.

10. In response to Defendant STX Healthcare's Motion to Dismiss, Plaintiff filed a Second Amended Complaint pursuant to FED. R. CIV. P. 15(a)(1)(B), a response to Defendant's Motion, and an accompanying appendix. ECF 34, 35, 36.

11. The Court issued an order striking Plaintiff's Second Amended Complaint for failure to comply with FED. R. CIV. P. 15 and the relevant local rule.

12. Pursuant to the Court's Order, Defendant is afforded the opportunity to reply in support of its Motion to Dismiss by June 7, 2021. ECF 33.

## ARGUMENT

i.  **Federal Rule of Civil Procedure 15**

---

[1] Attached to the Appendix filed in support of this Motion.

13. "A party may amend its pleading once as a matter of course: (A) within 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

ii. **Plaintiff's Second Amended Complaint Was Filed Properly In Accordance with Rule 15**

14. Plaintiff filed her first amended complaint with the consent of the opposing party, and noted as such in her complaint. ECF 26. Plaintiff then attempted to file her second amended complaint utilizing the "matter of course" provision of FED. R. CIV. P. 15(a)(1)(B), as it was filed 21 days after the service of Defendant STX Healthcare's Motion to Dismiss. ECF 34. The Court struck this second amended complaint concluding that "[b]ecause plaintiff has already amended her complaint once, she may not amend her complaint as a matter of course, and the court's leave or the opposing parties' consent is required. *See* Fed. R. Civ. P. 15(a)(2)." ECF 37 at 1.

15. The Ninth Circuit, analyzing a similar fact pattern where a plaintiff amended his complaint with the consent of the opposing party, and then attempted to amend a second time in response to a motion to dismiss, concluded that "a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015).

16. District courts throughout the United States have followed the Ninth Circuit's reasoning in *Ramirez* when examining similar situations. *See e.g., Gilman & Bedigian, LLC v. Sackett*,

3

337 F.R.D. 113, 115 (Dist. Md. 2020) (denying a motion to strike an amended pleading where plaintiff amended first with leave of court and then a second time as a matter of course), *Doe v. Syracuse Univ.*, 335 F.R.D. 356, 360 (N.D.N.Y 2020) (denying a motion to strike an amended pleading where plaintiff obtained leave of court for her first amendment, opposing party's consent for the second, and then filed her third amendment as a matter of course); *Duncan v. Liberty Mut. Ins. Co.*, No. 16-CV-12570, 2016 U.S. Dist. LEXIS 190088 at *3-4 (E.D. Mich., Sept. 28 2016), *Nuclear Watch New Mexico v. United States Dep't of Energy*, No. 16-cv-00433, 2018 U.S. Dist. LEXIS 116716, at *23 (D.N.M. July 12, 2018), *Thompson v. Jiffy Lube Int'l Inc.*, 505 F. Supp. 2d 907, 913 (D. Kan. 2007) (concluding that the plain language of Rule 15 allows a plaintiff to amend as a second time as matter of course, after first amending with the court's leave).

17. There is no dispute that counsel, which indicated they represented the single Defendant, consented to Plaintiff's first amended pleading. There is also no dispute that Plaintiff filed her Second Amended Complaint within 21 days. Based on the foregoing authority, Plaintiff respectfully requests the Court reconsider its order striking Plaintiff's Second Amended Complaint before ruling on Defendant STX Healthcare's Motion to Dismiss. The Federal Rules of Civil Procedure lack a procedural mechanism to ask the Court to reconsider its prior order in the absence of a final judgment, and it is imperative that the Plaintiff's Second Amended Complaint become operative, as it plays a material role in Plaintiff's Response to Defendant's Motion to Dismiss. *See also* FED. R. CIV. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

   **iii.**   **In the Alternative, Plaintiff Should Be Granted Leave to File Her Second Amended Complaint.**

18. The court should freely grant leave to amend when justice requires it. *Forman v. Davis*, 371 U.S. 178, 182 (U.S. 1962). "Whereas FRCP 15(a) evinces a bias in favor of granting leave to amend, [such leave] is not automatic." *Price v. Pinnacle Brands*, 138 F.3d 602, 607-608 (5th Cir. 1998) (quotation omitted). In considering whether to permit amendment, a district court may consider factors such as bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (quotation omitted). "The language of this rule 'evinces a bias in favor of granting leave to amend' and the court "must have a 'substantial reason' to deny a request for leave to amend."" *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 865 (S.D. Tex. September 26, 2011) (citing *Lyn-Lea Travel Corp v. Am. Airline, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

19. Here, Plaintiff's Response to Defendant's Motion to Summary Judgement is conditioned in part on her Second Amended Complaint. Specifically, the Plaintiff acting *pro se* sued South Texas Dental Associates, LP and STX Healthcare Management Services, Inc. believing that they were the same corporate entity. The primary material difference between Plaintiff's First Amended Pleading and Plaintiff's Second Amended Pleading is changing the "aka" to an "and" which results in the addition of STX Healthcare Management Services, Inc. as a separate party. *Compare* Exhibit 1, proposed Second Amended Complaint with ECF 26, Plaintiff's First Amended Complaint. This change, although small in size, is vitally important to Plaintiff's Response to Defendant's Motion for Summary Judgment as naming Defendant STX Healthcare Management Services, Inc. as a separate defendant is a necessary prerequisite to "relating back" a later pleading to an earlier pleading. *See* ECF 35 ¶¶ 19-21.

20. Additionally, Plaintiff's proposed amended complaint is not submitted in bad faith, after undue delay, nor would it cause undue prejudice. Typically, bad faith exists where the movant was aware of certain facts, but failed to plead them in order to gain a tactical advantage. *See e.g.*, *Thomas v. Hughes,* No. 5:16-CV-951-DAE, 2018 U.S. Dist. LEXIS 146464, at *9-10 (W.D. Tex. Feb. 22, 2018). Here, Plaintiff's amended pleadings address the relationship between Defendants, which is unclear based upon publicly available documents. Plaintiff has not concealed any facts for any advantage whatsoever.

21. Regarding undue delay, it is the non-movant's burden to prove the movant has acted with undue delay. *Id.* at *11. Undue delay must prejudice the non-moving party or impose unwarranted burdens on the court. *Id.* at *13 (citing *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). No discovery has occurred in this case, and Defendant will be permitted by rule to file another dispositive motion if it so chooses, the likelihood of prejudice to Defendant is low.

22. The bias in favor of granting leave to amend written into Rule 15 along with the foregoing argument makes it clear that leave is justified in this case.

WHEREFORE, Plaintiff respectfully requests the Court grant leave to file her amended complaint pursuant to FED. R. CIV. P. 15(a)(2).

Dated: May 28, 2021                                    Respectfully submitted,

                                                                                      COANE AND ASSOCIATES, PLLC

                                                                                       /s/Bruce A. Coane
                                                                                       Bruce A. Coane, Attorney-in-Charge
                                                                                       TX Bar #04423600
                                                                                       Email: bruce.coane@gmail.com
                                                                                       Coane and Associates, PLLC
                                                                                       5177 Richmond Ave., Suite 770
                                                                                       Houston, TX 77056

>Telephone: 713-850-0066
>Facsimile: 713-850-8528
>
>*ATTORNEYS FOR PLAINTIFF*

**OF COUNSEL:**

Matthew P. Swiger
Texas Bar No. 24088495
COANE AND ASSOCIATES, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Tel:   713-850-0066
Fax:   713-850-8528

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this matter.

>*/s/Bruce A. Coane*
>Bruce A. Coane

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff conferred with counsel for Defendant STX Healthcare Management Services, Inc. via email on May 26, 2021. Counsel for Defendant indicated that it is opposed to Plaintiff's Motion for Leave.

>*/s/Bruce A. Coane*
>Bruce A. Coane