IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA MANFRE-LANE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-2931-S-BH |
| | § | |
| SOUTH TEXAS DENTAL ASSOCIATES | § | |
| L.P., also known as STX HEALTHCARE, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court are *Plaintiff Jessica Manfre-Lane's Opposed Motion for Leave to File Second Amended Complaint*, filed May 28, 2021 (doc. 38), and *STX Healthcare Management Services Inc.'s Motion to Dismiss Pursuant to Federal Rules 12(b)(5) and 12(b)(6)*, filed May 3, 2021 (doc. 31). Based on the relevant findings and applicable law, the motion for leave to amend is **GRANTED**, the motion for reconsideration[2] is **DENIED as moot**, and the motion to dismiss is **DEEMED MOOT**.

### I.   BACKGROUND

On February 13, 2020, Jessica Manfre-Lane (Plaintiff) filed this *pro se* action alleging unlawful termination under the Americans with Disabilities Act (ADA) against her former employer, which she named as South Texas Dental Associates, L.P., also known as STX Healthcare. (*See* doc. 1). After the case was transferred from the District of Oregon to this district at her request, (*see* docs. 3, 9), Plaintiff, through counsel, filed an amended complaint on March

---

[1] By *Special Order No. 3-251*, this pro se case has automatically been referred for full case management.

[2] Plaintiff's motion for leave to amend initially requests reconsideration of the order striking Plaintiff's second amended complaint, although the title of the filing does not reflect the motion as required by Local Civil Rules 5.1(c) and 10.1(a) of the Local Civil Rules for the Northern District of Texas. (*See* doc. 38 at 1, 3-4.) Similar requests have not been considered for this reason. *See In re Alamosa Holdings, Inc.*, 382 F.Supp.2d 832, 867 n.9 (N.D. Tex. 2005) ("Plaintiffs failed to comply with [L.R. 5.1(c)], and the Court will not consider its request.").

19, 2021, (*see* doc. 26). After obtaining several extensions of time to answer or otherwise plead (*see* docs. 23-24, 27-30), on May 3, 2021, STX Healthcare Management Services Inc. (Defendant) moved to dismiss the amended complaint, (*see* doc. 31). On May 24, 2021, Plaintiff filed a second amended complaint without the consent of the defendants and without seeking leave of court, and it was stricken *sua sponte*. (*See* docs. 34, 37). She now seeks reconsideration of the order striking her amended complaint, and alternatively, leave of court to file a second amended complaint. (*See* doc. 38). Defendant opposes the motion on the grounds that Plaintiff's claims against it are time-barred, as argued in its motion to dismiss. (*See* doc. 43).

## II.   MOTION FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f). Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. David*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Defendant opposes the motion for leave to amend on grounds that Plaintiff's claims against it are time-barred. (*See* doc. 43 at 1, 8.)[3]  It in essence argues that amendment would be futile.

In the context of Rule 15(a), the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id*.  The issue of futility is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer," however. *Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011).  In fact, it is the court's "'almost unvarying practice when futility is raised [in response to a motion for leave to amend] to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion.'" *Maynard v. Paypal, Inc.,* No. 3:18-CV-0259-D, 2018 WL 5776268, at *5 (N.D. Tex. Nov. 2, 2018) (quoting *Garcia v. Zale Corp.*, No. 3:04-CV-1917-D, 2006 WL 298156, at *1-2) (N.D. Tex. Feb. 1, 2006) (quoting *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex. Feb. 7, 2002))); *Quanah Serv., Inc. v. Security Bank*, No. 7:20-CV-00027-O, 2020 WL 6119910, at *3 (N.D. Tex. July 1, 2020) (noting "the Northern District of Texas's 'almost unvarying practice . . .'" of addressing the merits in a dispositive motion) (quoting *Reneker v. Offill*, 3:08-CV-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011)).

Here, there is no apparent bad faith or dilatory motive, and this is only Plaintiff's second amendment since she retained counsel. The proposed amended complaint asserts the same claim as the prior amended complaint but seeks to address the issues identified in Defendant's motion to

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

dismiss. Allowing her an opportunity to amend prior to determination of whether her complaint states a claim will allow her to plead her best case. Based on the relevant factors, there appears to be no "substantial reason" to deny her motion for leave to amend her complaint. *See Jacobsen*, 133 F.3d at 318.

### III.   CONCLUSION

The motion for leave to amend is **GRANTED**. Plaintiff's motion for reconsideration of the order striking the second amended complaint is therefore **DENIED as moot**. The Clerk's Office shall file the proposed second amended complaint filed with Plaintiff's motion. Because Defendant's motion to dismiss is directed at the prior complaint, it is **DEEMED MOOT**.

**SO ORDERED** on this 14th day of September, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE