## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JESSICA MANFRE-LANE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:20-CV-2931-S-BH** |
| | § | |
| **SOUTH TEXAS DENTAL** | § | |
| **ASSOCIATES L.P. and STX** | § | |
| **HEALTHCARE MANAGEMENT** | § | |
| **SERVICES, INC.,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based upon the relevant filings and applicable law, *Defendant's, STX Healthcare Management Services Inc, Motion to Dismiss pursuant to Federal Rule 12(b)(6)*, filed September 19, 2021 (doc. 46), should be **DENIED**.

### I. BACKGROUND

Jessica Manfre-Lane (Plaintiff) was employed by STX Healthcare Management Services, Inc. (STX) as an office manager at its "South Texas Dental" office in Plano, Texas, until her termination on August 23, 2018. (doc. 45 at 3.)[2] On March 1, 2019, she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination on the basis of "disability or perceived disability." (*See* doc. 47 at 4-6.) It named "STX Healthcare Management Services, Inc./Guardian Life Insurance Company of America" and "South Texas Dental Associates, LP a/k/a STX Healthcare" as respondents. (*Id.* at 4.) The EEOC issued a right to sue letter on November 15, 2019, which was sent to Plaintiff and her attorney, and

---

[1]Under *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to a manager for STX at 4101 McEwen Road, Suite #800, Dallas, Texas 75244. (*Id.* at 7-9.)

Proceeding *pro se*, Plaintiff sued "South Texas Dental Associates, L.P., also known as STX Healthcare" in the District of Oregon on February 13, 2020, under the Americans with Disabilities Act of 1990 (ADA). (*See* doc. 1.)  On April 28, 2020, the court granted her application to proceed *in forma pauperis* (IFP) and ordered her to prepare a summons for issuance within 30 days. (doc. 4.) On May 28, 2020, a summons was issued for the defendant at 4099 McEwen Road, Suite 650, Dallas, Texas 75244. (docs. 7, 7-1.)  It was returned as unexecuted by the United States Marshal (USM) on September 21, 2020. (doc. 8.)  The next day, the case was transferred to this district at Plaintiff's request. (docs. 9, 10.)

On September 25, 2020, service of process by the USM was ordered, and a summons was reissued for the defendant. (doc. 13.)  According to the return of service filed on October 29, 2020, the summons was returned unexecuted because the address was wrong. (doc. 17.)  On December 7, 2020, Plaintiff filed a request to reissue summons for the defendant at 530 South Main Street, Orange, California 92868. (doc. 18.)  The next day, the USM was ordered to serve the defendant within 30 days. (doc. 19.)  The return of service filed on February 9, 2021, stated that the summons was personally served on a receptionist at the California address on January 29, 2021. (doc. 22.)

On February 19, 2021, counsel for the defendant moved to extend the deadline to answer or otherwise plead, and the motion was granted on February 22, 2021.  (docs. 23, 24).  On March 19, 2021, counsel for Plaintiff filed an amended complaint against the defendant. (doc. 26.)  After obtaining two more extensions of time to answer or otherwise plead (*see* docs. 27-30), on May 3, 2021, the defendant moved to dismiss the amended complaint, (doc. 31.)  On September 14, 2021, Plaintiff was granted leave to amend her complaint, and the motion to dismiss was deemed moot.

(doc. 44.)  The second amended complaint asserted the same claim and allegations of discrimination but named STX and South Texas Dental Associates L.P. (South Texas) as two separate defendants. (doc. 45.)  Both are represented by the same counsel who represented the defendant initially sued by Plaintiff. (*See* docs. 56-57.)

## II.  RULE 12(b)(6)

STX moves to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. (doc. 46.)

### A.    <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*

4

*v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted); *accord Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, STX attached to its motion to dismiss copies of the EEOC charge, the right to sue letter, and a Texas Secretary of State business inquiry for the registered agent of STX. (*See* doc. 47.) Although these exhibits were not attached to the second amended complaint, the EEOC charge and the right to sue letter may be considered part of the pleadings because they are referred to in Plaintiff's complaint and central to her claims, and the registered agent information appears to be a matter of public record. *See Collins*, 224 F.3d at 498-99; *Norris*, 500 F.3d at 461 n.9.

Plaintiff attached to her response copies of the EEOC charge, the right to sue letter, as well as publically available records from the State of Texas regarding STX, South Dental, and other related business entities. (*See* doc. 53.) These documents may be considered without converting the motion to dismiss into a summary judgment motion because they are either referred to in her second amended complaint and central to her claims, or are a matter of public record. *See Collins*, 224 F.3d at 498-99; *Norris*, 500 F.3d at 461 n.9. The other exhibits attached to her response are not considered because they are not attached to or referenced in her second amended complaint and are not a matter of public record subject to judicial notice.

B.    **Limitations**

STX argues that Plaintiff failed to file a lawsuit against it within the applicable limitations period. (doc. 46 at 4.) Plaintiff counters that the second amended complaint relates back to the filing date of the original complaint under Federal Rule of Civil Procedure 15(c)(1). (doc. 52 at 10.)

The ADA prohibits employers from discriminating against a qualified employee on the basis of disability. 42 U.S.C. § 12112(a).  Before an individual can pursue an ADA claim in federal court, she must exhaust her available administrative remedies by filing a charge with the EEOC. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 289 (5th Cir. 1996).[3]  The plaintiff has 90 days after receipt of her right to sue letter from the EEOC to file suit. *See* 42 U.S.C. § 2000e-5(f)(1); *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam) ("A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC."); *see also Dao*, 96 F.3d at 788-89 (recognizing that the ADA incorporates by reference Title VII's administrative procedures).  The 90-day statutory period is strictly construed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  The Fifth Circuit "routinely dismisses untimely claims involving delays after receipt of the right-to-sue letter in the absence of a recognized equitable consideration." *See Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 208 (5th Cir. 2015); *Taylor*, 296 F.3d at 379 ("Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.").

When a plaintiff attempts to add a defendant after the limitations period has run, the amendment is "subject to a defense of limitations unless it related back to the date the complaint was filed" under Rule 15(c). *Skocylas v. Federal Bureau of Prisons*, 961 F.2d 543, 544 (5th Cir. 1992).[4]

---

[3]"Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (quoting *Dao*, 96 F.3d at 789); *Fort Bend Cty., Tex v. Davis*, 139 S.Ct. 1843, 1850-51 (2019) (clarifying that the mandatory exhaustion requirement is a "claim-processing rule" and "not a jurisdictional prescription delineating the adjudicatory authority of courts").

[4]The statute of limitations is an affirmative defense, but a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[ ] on the face of the complaint." *Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL–CIO*, No. 3:09-CV-1181-B, 2010 WL 2473840, at *4 (N.D. Tex. June 16, 2010) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)); *see Jones v.*

Under Rule 15(c), an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  An amendment that changes the party or the naming of the party against whom a claim is asserted relates back to the original pleading only if Rule 15(c)(1)(B) is satisfied and "within the period provided by Rule 4(m)[5] for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

"Courts interpreting Rule 15(c)(1)(C) have held that three elements must be met before an amendment will relate back: (1) the same conduct, transaction, or occurrence; (2) notice; and (3) mistake." *Liggins v. City of Duncanville, Texas*, No. 3:20-CV-0654-S, 2021 WL 929105, at *4 (N.D. Tex. Mar. 11, 2021) (citing *Wilson v. City of Mission, Tex.*, No. 7:18-CV-00399, 2020 WL 2079359, at *3 (S.D. Tex. Apr. 29, 2020)).  Actual notice of the lawsuit by the new defendant is not required. *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir. 1980).  Courts will infer notice "if there is an identity of interest between the original defendant and the defendant sought to be added or substituted."

---

*Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiffs pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.") (citations omitted).

[5]Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.

*Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). "'Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *Id.* (quoting *Kirk*, 629 F.2d at 407-08). "[N]otice may be imputed to the new party through shared counsel." *Id.* For purposes of relation back, a mistake depends on "what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). While the defendant bears the burden of establishing the statute of limitations as an affirmative defense, the plaintiff has "the burden to demonstrate that an amended complaint relates back under Rule 15(c)." *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011).

Here, Plaintiff's original complaint was filed on February 13, 2020, within the 90-day limitations period. (*See* doc. 1.) The first element for relation back has been met because STX does not contest that the claims asserted against it in the second amended complaint arise out of the same discriminatory conduct alleged in the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B). On the second element, Plaintiff served the original defendant within the extension of the 90–day time period prescribed by Rule 4(m) granted by the Court.[6] The proof of service states that on January 29, 2021, the USM personally served the original defendant by leaving the summons with a receptionist at 530 South Main Street, Orange, California 92868. (*See* doc. 22.) This address is

---

[6]By order dated December 8, 2020, the USM was directed to serve the original defendant within 30 days, or by January 7, 2021. (*See* doc. 19.) Even though the original complaint was served outside the 30-day period, on January 29, 2021 (doc. 22), Rule 4(m) requires courts to "extend the time for service for an appropriate period" upon a showing of good cause by the plaintiff. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). When the USM "fails to serve a properly addressed summons to a defendant," good cause generally exists for extending the time for service. *See Cornish v. Tex. Bd. of Crim. Justice Office of the Inspector Gen.*, 141 F. App'x 298, 301 (5th Cir. 2005); *cf. Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (good cause may exist when the "failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties").

listed as STX's principal office in recent public information reports filed with the Texas Secretary of State. (*See* doc. 53 at 14-15.)  STX therefore had actual notice of the action within the extended Rule 4(m) period. *See McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998) (citing Fed. R. Civ. P. 15(c) advisory committee's notes (1991 Amendments)) (noting that "the comments to amended Rule 15(c) state that the rule not only allows service during the [90] days [that amended Rule 4(m) now allows] but also during any extension the court may grant").  Further, notice can also be inferred because STX shares counsel and therefore an identity in interest with the original defendant. *See Jacobsen*, 133 F.3d at 320 (imputing notice to the newly added city defendant through shared counsel with the original defendant officer).

As for the third element, STX and South Texas were named as respondents in the EEOC charge, and a copy of the right to sue letter was sent to an individual identified as a manager for STX. (*See* doc. 47 at 4-9.)  While STX was not properly named in the original complaint, it knew or should have known that in filing suit for wrongful termination against the defendant she originally named, Plaintiff had intended to sue it as her actual employer. *See Krupski*, 560 U.S. at 548.  Although Plaintiff did not amend her complaint to name STX as a defendant until after the limitations period had expired, she has satisfied the requirements of Rule 15(c) for her second amended complaint to relate back to her original complaint. *See, e.g., Garcia v. Bexar Cnty., Texas*, No. SA-08-CA-742-OG, 2009 WL 10698764, at *3 (W.D. Tex. Mar. 16, 2009) ("The Court concludes that plaintiff has satisfied Rule 15(c)(1)(C)(i) because UHS has received notice of the action within the extended Rule 4(m) period and will not be prejudiced in defending the suit.").[7]

_____

[7]STX also argues that Plaintiff cannot show grounds for equitably tolling the 90-day window for filing a lawsuit against it. (doc. 54 at 4.) "The issue of equitable tolling is distinct from the relation-back theory under Fed.R.Civ.P. 15(c)," however. *Watkins v. Lujan*, 922 F.2d 261, 263 (5th Cir. 1991).  Plaintiff does not argue that the limitations period should be equitably tolled, only that the second amended complaint relates back to the filing of the original complaint.

Because untimeliness is not apparent from the face of the pleadings, STX has not shown that Plaintiff's lawsuit against it is barred under the statute of limitations, and its motion to dismiss based on that affirmative defense should be denied. *See Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:15-CV-1413-B, 2015 WL 9269416, at *4 (N.D. Tex. Dec. 21, 2015) (refusing to dismiss a failure to promote claim where the court could not discern whether it fell outside the statute of limitations and was not "evident from the plaintiff's pleadings that the action is barred").

### III.  RECOMMENDATION

STX's motion to dismiss should be **DENIED**.

**SO RECOMMENDED** on this 23rd day of May, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these afflict, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE